The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner (now Commissioner) Laura K. Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injuries giving rise to these claims, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such times, an employment relationship existed between plaintiff and defendant-employer.
3. On August 31, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. On August 31, 1993, Continental Loss Adjusting Service was the compensation carrier on the risk.
4. On May 4, 1994, plaintiff sustained either a new injury or a change of condition arising out of the August 31, 1993 injury. On May 4, 1994, Discovery Insurance Company was the compensation carrier on the risk.
5. Plaintiff's average weekly wage as of August 31, 1993 was $240.00, yielding a compensation rate of $160.00 per week.
6. Plaintiff's average weekly wage as of May 4, 1994, was $278.18, yielding a compensation rate of $185.46.
7. Exhibits 1 through 8 attached to the Pre-Trial Agreement were stipulated into evidence. Included in the stipulated exhibits are plaintiff's medical records.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 40 years old. She began working for defendant-employer on March 8, 1993, as a certified nursing assistant.
2. On August 31, 1993, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of her employment with defendant-employer. Plaintiff was assisting a patient to move from the shower when her feet slipped and her back hit the adjacent wall.
3. Plaintiff was initially treated by Dr. David Abernathy, the company physician. She was later referred to Dr. William Sims, a neurosurgeon. As a result of the compensable injury by accident on August 31, 1993, plaintiff has a disk protrusion at L5-S1. Plaintiff experienced numbness and tingling in the left leg and foot and some lower back pain.
4. Plaintiff underwent physical therapy and returned to work on a light-duty basis on September 14, 1993. On January 12, 1994, plaintiff was released to return to full-time employment with no restrictions.
5. Although plaintiff returned to her regular job, she continued to experience back pain. She was unable to work twelve hour shifts and reduced her hours to eight. On May 3, 1994, plaintiff complained to a co-worker of increased pain in her back and difficulty sleeping.
6. On May 4, 1994, plaintiff had a flare-up of back pain as she was bending over a patient.
7. Plaintiff was again treated by Dr. Abernathy, and a repeat MRI was ordered by Dr. Sims. The MRI's from October 1993 and May 13, 1994 showed that plaintiff's underlying condition was unchanged. She continued to experience numbness in her left leg, tingling in her left toes and pain in her back radiating into the left buttocks.
8. Plaintiff was referred by Dr. Abernathy to Dr. David Kelly, a neurosurgeon at Bowman Gray Medical Center. Dr. Kelly recommended a conservative course of treatment with no surgical option.
9. Plaintiff returned to work on June 1, 1994 and worked until June 30, 1994, when Dr. Kelly took her out of work through July 11, 1994. On June 28, 1994, plaintiff resigned her job with defendant-employer and relocated to Georgia.
10. As of September 17, 1994, plaintiff began working as a rural carrier relief person earning $10.54 per hour. Plaintiff is capable of earning wages in excess of that which she earned at defendant-employer as a substitute mail carrier and is able to work up to forty hours per week for the post office if such work were available. Plaintiff has not looked for any other work.
11. As a result of the compensable injury by accident on August 31, 1993, and the resulting pain, plaintiff sustained a five percent permanent functional impairment to her back.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the stipulated injury on August 31, 1993, and the resulting pain, plaintiff was temporarily and totally disabled and entitled to receive compensation at the rate of $160.00 per week for the period from May 5, 1994 through May 31, 1994 and from June 28, 1994 through September 16, 1994, at which time she returned to work and had the capacity to earn the same or greater wages as she earned with defendant-employer. N.C. Gen. Stat. § 97-29.
2. Plaintiff is entitled to receive compensation at the rate of $160.00 per week for fifteen weeks for the five percent permanent partial disability she sustained to her back as a result of the compensable injury by accident on August 31, 1993. N.C. Gen. Stat. § 97-31(23).
3. The compensation due plaintiff under Paragraphs 1 and 2 above shall be paid by defendant-employer through its insurance carrier Continental Loss Adjusting Services.
4. Plaintiff is entitled to payment of all medical expenses by defendant-employer, as a result of her compensable injury on August 31, 1993, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted to defendants and approved pursuant to procedure established by Industrial Commission N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer, through its insurance carrier Continental Loss Adjusting Service, shall pay plaintiff temporary total disability compensation at the rate of $160.00 per week from May 5, 1993 through May 31, 1993 and from June 28, 1994 through September 16, 1994. These amounts have accrued and shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below.
2. Defendant-employer, through its insurance carrier Continental Loss Adjusting Service, shall pay compensation to plaintiff at the rate of $160.00 per week for fifteen weeks for the five percent permanent partial disability she sustained to her back as a result of the compensable injury by accident on August 31, 1993. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee approved below.
3. Defendant-employer, through its carrier Continental Loss Adjusting Service, shall pay all medical expenses incurred, or to be incurred, by plaintiff as the result of her compensable injury by accident for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted through defendant-employer to the Industrial Commission and approved by the Commission.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff in Paragraphs 1 and 2 of this Award is approved for plaintiff's counsel and shall be deducted from the lump sum due plaintiff and paid directly to her counsel.
ORDER
1. Defendant-carrier Discovery Insurance Company is DISMISSED as a named party to this action.
2. Defendant-employer through its carrier Continental Loss Adjusting Service shall pay the costs.
FOR THE FULL COMMISSION
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 1/19/96